UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Reginald Collins,
    Plaintiff,

    v.                                                       Civil Action No. 2:04-CV-349

Commissioner of Social Security,
    Defendant.

## REPORT AND RECOMMENDATION
(Docs. 11, 15)

This is a social security disability benefits case which was previously remanded to the Commissioner by this Court pursuant to sentence six of 42 U.S.C. § 405(g). On remand, the Appeals Council ordered that Plaintiff Reginald Collins' claim be consolidated with a subsequently filed claim, and the claims were referred to an administrative law judge ("ALJ") for a hearing and a new decision. Before the hearing, Collins amended his alleged disability onset date to December 26, 2004, which was approximately six months after the date of the appealed ALJ decision (June 25, 2004). On September 27, 2006, an ALJ issued a decision on Collins' amended claim, this time finding that Collins was disabled "beginning on December 26, 2004." (Doc. 12-2, p. 12.)

Pending before the Court is Plaintiff's EAJA Application for Fees and Expenses (Doc. 11) and Collins' Motion for Entry of Judgment. (Doc. 15.) The Commissioner of Social Security ("Commissioner") contends that the Court is without jurisdiction to rule on the EAJA Application because a final judgment has not yet been entered, and the

applicable 60-day appeal period has not run. Collins concedes this point (*see* Doc. 17, p. 2), and, in response, filed the Motion for Entry of Judgment, wherein he requests that the Court enter final judgment and act upon the EAJA Application. (Doc. 15.) Collins argues that, on remand and following a new hearing, the ALJ "granted the benefits at issue in full." (*Id.*, p. 1.) The Commissioner, however, takes issue with this statement, arguing that "it would be inaccurate to indicate [in the judgment] . . . that 'the benefits at issue' have been granted in full." (Doc. 16, p. 1.)

The Commissioner is correct that the Court lacks jurisdiction to rule on Collins' EAJA Application until final judgment is entered. 28 U.S.C. § 2412(d)(1)(B) provides: "A party seeking an award of fees and other expenses shall, *within thirty days of final judgment in the action*, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection . . . ." (Emphasis added.) In *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991), the Supreme Court explained that, "a 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received." The Court further stated that "[t]he 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." *Id.* In cases where the Government is a party, the litigants may file an appeal "within 60 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(1)(B). Therefore, judgment must be issued in this case, and the 60-day appeal period must run before the Court may consider Collins' EAJA Application. During the April 29, 2010 telephonic status conference, both parties concurred with this approach.

## **Conclusion**

For these reasons, I recommend that the Court GRANT Collins' motion for judgment (Doc. 15) and issue a final judgment affirming the ALJ's September 27, 2006 decision that Collins was disabled as of December 26, 2004. I further recommend that Collins' EAJA Application (Doc. 11) be HELD IN ABEYANCE until the judgment is filed and the 60-day appeal period expires. After the expiration of that period, a Report and Recommendation will be submitted by the undersigned addressing the merits of the EAJA Application.

Dated at Burlington, in the District of Vermont, this 6th day of May, 2010.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation *within fourteen (14) days* after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all other parties, a written objection which shall specifically identify the portion(s) of the proposed findings, recommendations, or report to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule waives the right to appellate review of the District Court's order entered pursuant to this Report and Recommendation. *See* Local Rules 72(a), 72(c), 73; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a), and 6(d).